UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| G.A., a minor, BY AND THROUGH HIS NEXT FRIEND KEVIN AKERS, KEVIN AKERS, AND TRACEY AKERS, | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 1:26-cv-00181-SNLJ |
| HEALTH CARE SERVICE CORPORATION, including its division BLUE CROSS BLUE SHIELD OF TEXAS, | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

The matter is before the Court on defendant's motion to dismiss plaintiffs' state law claims in Count I of the First Amended Complaint based on ERISA preemption. [Doc. 16]. For the following reasons, the motion is denied.

## I. BACKGOUND

Plaintiffs G.A., a minor, and his parents, Kevin Akers and Tracey Akers, brought this action against defendant Health Care Service Corporation, alleging that it improperly denied coverage for the cost of an emergency air ambulance transport of G.A. from Saint Francis Medical Center in Cape Girardeau to Cardinal Glennon Children's Hospital in St. Louis for treatment of life-threatening injuries. [Docs. 1-1, 6]. G.A., who was seven years old at the time, sustained the injuries as a backseat passenger in a vehicle that was struck head-on by an impaired driver who crossed the centerline while traveling 90 miles

per hour. [*Id.*].

At the time of the crash, plaintiffs were covered under a health insurance policy provided through plaintiff Kevin Akers's employer. [Docs. 1, 15]. The policy was administered by Blue Cross and Blue Shield of Texas, a division of defendant Health Care Service Corporation. [*Id.*]. Plaintiffs submitted the air ambulance transportation bill to defendant for payment under the policy. [*Id.*]. Defendant denied coverage based on an internal determination that air transport was not medically necessary, contrary to the findings of the health care providers who evaluated and treated G.A. [*Id.*]. Plaintiffs have exhausted all internal appeals. [*Id.*].

Plaintiffs commenced this action in state court asserting two claims—breach of contract and vexatious refusal to pay under § 357.420 RSMo. [Doc. 1]. Defendant removed the action to this Court on the basis of federal question and moved to dismiss the claims as preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"). [Docs. 1, 12, 13]. In response, plaintiffs filed a First Amended Complaint asserting the breach of contract and vexatious refusal to pay claims in Count I and a denial of benefits under ERISA in Count II. [Doc. 15]. Defendant then filed the instant motion to dismiss the state law claims based on ERISA preemption. [Docs. 16, 17].

Plaintiffs oppose the motion, arguing that defendant has failed to establish that the policy attached to the notice of removal [Doc. 1-3] is plaintiffs' health insurance policy, that it is governed by ERISA, and that it does not fall under the ERISA safe harbor exception. [Doc. 19]. Additionally, plaintiffs argue that dismissal is premature prior to discovery on the issue of ERISA preemption and that the motion requires the Court to

rule on an element of plaintiffs' case.

In reply, defendant argues that the policy submitted with the removal documents [Doc. 1-3] establishes that the policy is an ERISA plan and that the ERISA safe harbor exception does not apply. [Doc. 24]. Defendant also argues that Count I and Count II are duplicative. [*Id.*].

## II. LEGAL STANDARD

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court assumes a plaintiff's well-pled factual allegations to be true and makes all reasonable inferences in the plaintiff's favor. *Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019). Further, the court "must liberally construe a complaint in favor of the plaintiff." *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010). "Though matters outside the pleading may not be considered in deciding a Rule 12 motion to dismiss, documents necessarily embraced by the complaint are not matters outside the pleading." *Gorog v. Best Buy Co*., 760 F.3d 787, 791 (8th Cir. 2014).

## III. DISCUSSION

The disposition of the instant motion turns on three issues: (1) whether the insurance policy at issue is an ERISA plan; (2) if so, whether the policy falls under the ERISA safe harbor exemption; and (3) if not, whether plaintiffs' state law claims are preempted by ERISA. *Ibson v. United Healthcare Services, Inc.*, 776 F.3d 941, 944 (8th Cir. 2014).

"To benefit from ERISA preemption . . . a plan must first establish that it is an ERISA-covered plan, fund or program." *Fuller v. Ulland*, 76 F.3d 957, 960 (8th Cir.

1996). "For coverage under ERISA, a plan must be an employee benefit plan, defined as either an employee pension benefit plan or an employee welfare benefit plan'" *Ibson*, 776 F.3d. at 944 (cleaned up); 29 U.S.C. § 1002. "An employee welfare benefit plan is defined as any plan, fund, or program established or maintained by an employer or by an employee organization for the purpose of providing [medical benefits] for its participants or their beneficiaries, through the purchase of insurance or otherwise." *Id.*; 29 U.S.C. § 1002(1). "A plan is established for ERISA purposes when a reasonable person can ascertain (1) the intended benefits, (2) the class of beneficiaries, (3) a source of funding, and (4) the procedures for receiving benefits." *Id.* Whether ERISA applies to a particular plan is a mixed question of fact and law. *Kulinski v. Medtronic Bio-Medicus, Inc.*, 21 F.3d 254, 256 (8th Cir. 1994).

If an insurance policy is covered under ERISA, a court must consider whether the policy falls under the ERISA safe harbor exemption. "Certain group or group-type insurance programs offered by an insurer to employees are explicitly exempted from ERISA governance under the safe harbor provision." *Ibson*, 776 F.3d at 944. "To satisfy the safe harbor exemption, four elements must be present:

> (1) [n]o contributions are made by an employer or employee organization;
>
> (2) [p]articipation in the program is completely voluntary for employees or members;
>
> (3) [t]he sole functions of the employer...with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; and

> (4) [t]he employer...receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services."

*Id.* at 944–45 (quoting 29 C.F.R. § 2510.3–1(j)).

Defendant submitted a health insurance policy [Doc. 1-3] with its removal documents that it alleges is the policy under which the plaintiffs were covered. To authenticate the policy, defendant submitted a declaration from one of its employees [Doc. 1-2]. If the policy is governed by ERISA and the ERISA safe harbor exception does not apply, plaintiffs' state law claims for breach of contract and vexatious refusal to pay are likely preempted by ERISA. *See e.g. Mitchell v. Marcus Tyrone Robinson, Sr.,* No. 1:11-CV-00130-SNLJ, 2012 WL 917771, at n.*2 (E.D. Mo. Mar. 13, 2012) (finding a breach of contract claim preempted by ERISA); *In re Life Ins. Co. of N. America*, 857 F.2d 1190, 1194 (8th Cir. 1988) (holding a state law claim for vexatious refusal to pay medical benefits was preempted by ERISA); *Coots v. United Employers Federation*, 865 F. Supp. 596, 601 (E.D. Mo. 1994) (same). That said, the Court cannot make that determination on the instant motion.

Here, plaintiff disputes that the insurance policy offered by defendant is the policy at issue in this litigation and argues at least that the document is incomplete or "silent on a number of significant issues." *See* [Doc. 19]. Plaintiffs did not attach a copy of the insurance policy at issue to the petition in state court nor the First Amended Complaint filed in this Court. Defendant argues that by making a denial of benefits claim under ERISA in the First Amended Complaint, plaintiffs have admitted the policy is governed by ERISA. However, plaintiffs added that claim after the defendant filed a motion to

dismiss the petition based on ERISA preemption. Count I of the First Amended Complaint seeks recovery under state law if the policy is not governed by ERISA, and Count II seeks recovery if the policy is governed by ERISA.

Although the Court may consider documents necessarily embraced by the First Amended Complaint, plaintiff disputes that the policy submitted by defendant is accurate. As a result, the Court finds that there are factual issues that cannot be determined on a motion to dismiss. As a result, the ERISA preemption issue is more properly addressed by a motion for summary judgment after the parties have engaged in discovery.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Partial Motion to Dismiss Plaintiffs' First Amended Complaint [Doc. 16] is **DENIED**.

**IT IS FURTHER ORDERED** that defendant shall file an Answer within 14 days. Once the Answer is filed, this matter will be scheduled for a Rule 16 conference.

**SO ORDERED** this 3rd day of November, 2026.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE